JS - 6

1  LAURIE A. TRAKTMAN (SBN 165588)
   **GILBERT & SACKMAN**
2  A Law Corporation
   3699 Wilshire Boulevard, Suite 1200
3  Los Angeles, California  90010-2732
   (323) 938-3000; FAX No. (323) 937-9139
4  email: lat@gslaw.org

5  Attorneys for Plaintiffs, the Airconditioning
   and Refrigeration Industry Trust Funds

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AIRCONDITIONING AND REFRIGERATION INDUSTRY HEALTH AND WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE AIRCONDITIONING AND REFRIGERATION INDUSTRY RETIREMENT TRUST FUND; BOARD OF TRUSTEES OF THE AIRCONDITIONING AND REFRIGERATION INDUSTRY DEFINED CONTRIBUTION RETIREMENT PLAN; BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND and BOARD OF TRUSTEES OF THE INTERNATIONAL TRAINING FUND,<br><br>             Plaintiffs,<br>     vs.<br><br>INNOVATIVE AIR, INC., and KRISTOFER DANE SORENSEN, an individual,<br><br>             Defendants.<br>_____ | Case No. CV-10-7938 VBF (VBKx)<br><br>ORDER ON STIPULATION FOR JUDGMENT |

///

Pursuant to the Stipulation by and between Plaintiffs, Board of Trustees of the Airconditioning and Refrigeration Industry Health and Welfare Trust Fund, Board of Trustees of the Airconditioning and Refrigeration Industry Retirement Trust Fund, Board of Trustees of the Airconditioning and Refrigeration Industry Defined Contribution Retirement Plan (collectively, the "Local Plans"), Board of Trustees of the Plumbers and Pipefitters National Pension Fund and Board of Trustees of the International Training Fund (collectively, the "National Plans"), and defendants, Kristofer Dane Sorenson, individual ("Individual Defendant"), and Innovative Air, Inc., ("the Company"); the Court has considered the matter fully and concluded that good cause exists to approve the parties' Stipulation in its entirety.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Company and the Individual Defendant are indebted to the Local Plans and the National Plans in the amount of $42,667.34. Said amount is composed of contributions to the Local Plans in the amount of $15,536.50 for the delinquent work months of May 2010 ($2,990.04), June 2010 ($4,922.89), July 2010 ($4,032.71), and August 2010 ($3,590.86); liquidated damages for the Local Plans in the amount of $1,517.60 for all work months through August 2009; interest for the Local Plans in the amount of $924.52; a delinquency bond in the amount of $11,771.70, a balance owed on the previous Stipulation for Judgment in the amount of $3,753.08; reimbursement of plaintiffs' reasonable fees in the amount of $7,000.00; reimbursement of plaintiffs' recoverable costs of suit in the

amount of $500.; contributions to the National Plans in the amount of $1,454.03 for the delinquent work months of April 2010 , May 2010, June 2010, July 2010 and August 2010; liquidated damages for the National Plans in the amount of $162.48 for the delinquent work months of April 2010 through June 2010, and interest for the National Plans in the amount of $47.43, for a total of $42,667.34.

2.  Judgment may be entered in this case in favor of the Plaintiff Plans and against the Company and Individual Defendant, jointly and severally, in the amount of $42,667.34 in delinquent employee benefit plan contributions, liquidated damages, attorney fees and costs, together with post-judgment interest thereon at the rate of 10% per annum as of the date of the Judgment.

3.  The Company and Individual Defendant may satisfy the judgment by paying a total of $23,221.12 to the Plaintiff Plans.  Specifically, the Company and Individual Defendant shall pay the Local Plans in the amount of $21,557.18 consisting of contributions for the delinquent work months of May 2010 ($2,990.04), June 2010 ($4,922.89), July 2010 ($4,032.71), and August 2010 ($3,590.86); liquidated damages in the amount of $1,517.60 for all work months through August 2010; the balance owed on a previous Stipulation for Judgment in the amount of $3,753.08; and $750 in attorney's fees, pursuant to the following payment plan: one installment in the amount of $5,000 on or by October 11, 2010, followed by eight installments of $2,069.65 each on or by the last day of each consecutive month beginning November 10, 2010, and continuing through July 10, 2010.  In addition, the Company and Individual Defendant shall pay the National Plans in the amount of $1,663.94 consisting of contributions for the delinquent

work months of April 2010 through August 2010 ($1,454.03), liquidated damages for the delinquent work months of April 2010 through August 2010 ($162.48), and interest in the amount of $47.43, according to the following payment plan: eight installments of $207.99 each on or by the last day of each consecutive month beginning November 10, 2010, and continuing through July 10, 2010.  In addition, the Company must pay timely all current contributions that accrue for the duration of the payment plan. All checks to the Local Plans shall be made payable to "Airconditioning & Refrigeration Industry Joint Trust Funds," to be received in the offices of the Airconditioning & Refrigeration Industry Joint Trust Funds, attention Grace Lim,1380 S. Sanderson Ave., Suite 201, Anaheim, CA 92806.  All checks to the National Plans, including current contributions, shall be made payable to the "National Pension Plan" to be received in the offices of O'Donoghue and O'Donoghue, LLP, attention Donna Spell, 4748 Wisconsin Avenue, NW, Washington, DC 20016.

4.     In the event the Company and Individual Defendant, and any of them, fail to comply with any of the provisions set forth in paragraphs 5 or 8 above, or any other provision of this Stipulation, the entire amount of the judgment, less any payments actually received at the time of such default, shall become immediately due and payable to the Plaintiff Plans from the Company and Individual Defendant, plus interest on such unpaid amounts at the annual rate of ten percent.

5.     This Court may retain jurisdiction over this matter through August 2011, to enforce the terms of any judgment entered hereunder, to order appropriate injunctive and equitable relief, to make appropriate orders of contempt, and to

3

increase the amount of judgment based upon additional sums owed to the Plaintiff Plans by defendants. Supplemental judgments may be entered in this action against the Company and Individual Defendant and in favor of the Plaintiff Plans for such sums as may be determined by the Plaintiff Plans and established upon application to the Court by declaration and noticed motion.

6.   The Plaintiff Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Stipulation.

7.   This Stipulation does not limit the Plaintiffs' right to file additional court actions to collect any additional sums owed should the Plaintiffs discover further moneys owed to the Plaintiff Plans.

8.   In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

**IT IS SO ORDERED.**

Dated: 10-25-10

*Valerie Baker Fairbank*
_____
Hon. Valerie Baker Fairbank
United States District Court Judge

4